**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KAREEM GROVES,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 07-cv-894-JPG** |
| | ) | |
| **ILLINOIS INSTITUTIONAL MAXIMUM** | ) | |
| **PRISON CORRECTIONAL FACILITY,** | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on what purports to be a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Also before the Court is Mr. Groves motion to proceed *in forma pauperis* (Doc. 2).

A motion pursuant to § 2255 is the means by which a person may collaterally attack his *federal* conviction and sentence. This Court's records indicate that Mr. Groves does not have a federal conviction. At least, this Court cannot find a federal conviction in this district. Because Mr. Groves is currently confined at the Pontiac Correctional Center (PCC) and because the Court takes notice that - according to information from the Illinois Department of Corrections (IDOC) - his confinement is based on convictions in Cook County, Illinois, and Livingston, County, Illinois, for violations of various state offenses, the Court will construe the instant action as attempting to assert a claim for habeas relief pursuant to 28 U.S.C. § 2254.

Even if construed as a § 2254 action, though, the Court is unable to make any sense out of the petition. For example, under the heading "Issues Presented for Review," Petitioner writes:

> Religious laws responsibility: July.03.04 1st amd, U.S.C.: the states unnatural death memorial publishing effects: legal political age 21 yrs old; an adult responsibility age 32 yrs old; cemetery establishments; monuments; states statutes plaques!

Even giving the petition a liberal construction, the Court is unable to find a coherent argument or thought expressed in it.

Additionally, the Court notes that the petition is not signed as required by Rule 11(a) of the Federal Rules of Civil Procedure and Rule 2(c)(5) of the Rules Governing § 2254 Cases in the United States District Courts.[1] Given the incoherency of the petition, however, it is not clear what more would be gained by requiring Petitioner to sign it. The petition is not malicious nor does it appear to make allegations that are untrue, the petition just does not make any logical sense.

Based on the foregoing, the motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**. However, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, with prejudice.

**IT IS SO ORDERED.**

**Dated: July 2, 2008.**

                                                          s/ J. Phil Gilbert
                                                          **U. S. District Judge**

---

[1]. Other defects include: the petition appears to seek relief from judgments of more than one court in violation of Rule 2(e) of the Rules Governing § 2254 Cases in the United States District Courts; and the petition fails to name the proper respondent in violation of Rule 2(b) of the Rules Governing § 2254(b).